### In the Interest of NG, Minor:

### State of Wyoming, Department of Family Services, Appellant.

#### No. C–00–1.

Supreme Court of Wyoming.

Dec. 15, 2000.

Representing the Appellant: Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Senior Assistant Attorney General; and Kristen L. Blume, Assistant Attorney General.

Representing the Minor: John E. Frentheway, Guardian ad Litem, Cheyenne, WY; John Burman, Director of the University of Wyoming Legal Services Program; Dona Playton, Acting Faculty Supervisor of the University of Wyoming Legal Services Program; and Loralee Hunt, Student Director of the University of Wyoming Legal Services Program.

Before THOMAS, GOLDEN, HILL and KITE, JJ.; and DAN SPANGLER, D.J. (Ret.).

DAN SPANGLER, District Judge (Retired).

Appellant State of Wyoming, Department of Family Services (DFS) was ordered by the Juvenile Court in a child in need of supervision (CHINS) case to pay for electronic monitoring services provided by a private company for the minor child. This appeal is taken from that order. We affirm.

## ISSUES

DFS states this issue:

I. Does the Juvenile Court have authority to order the State of Wyoming, Department of Family Services to pay for services provided outside of the CHINS statutory framework when such services are provided to a juvenile coincidentally subject to a CHINS petition?

A. The Juvenile Court does not have inherent authority to order the State of Wyoming, Department of Family Services to pay for services provided outside of the CHINS statutory framework.

B. Wyoming Statutes do not give the Juvenile Court authority to order the State of Wyoming, Department of Family Services to pay for services provided outside of the CHINS statutory framework even though such services are provided to a juvenile coincidentally subject to a CHINS petition.

The *guardian ad litem* for the minor frames the issue as follows:

I. Whether the Juvenile Court has the authority to order the State of Wyoming, Department of Family Services to pay for services that were provided to a juvenile coincident to a CHINS petition, when the services were in the best interest of the juvenile.

a. Coincident to a CHINS proceeding, the Juvenile Court has the explicit authority to order the State of Wyoming, Department of Family Services to perform any act, duty and responsibility the court deems necessary [p]ursuant to Wyo.Stat. § 14–6–403(a)(ii).

b. In the alternative, the Juvenile Court acting in the best interest of the Child in Need of Supervision has the inherent authority to order the State of Wyoming, Department of Family Services to pay for electronic monitoring services provided to a juvenile who is subject to a CHINS Petition.

## THE FACTS

On May 19, 1998, the assistant district attorney filed a petition alleging that the minor child, NG, was a child in need of supervision. On that same date, the Juvenile Court ordered DFS to complete a social summary. When the petition was filed, NG was on probation through the municipal court and was wearing an electronic monitor provided by a private company and paid for by the municipal court.

NG's arraignment was scheduled for July 2, 1998. However, on June 8, 1998, the child, her mother, and a DFS social worker signed a document entitled "CHINS CASE PLAN." The plan noted that the child was on probation and wearing an electronic monitor through the municipal court. One of the stated goals of the plan was that NG would successfully complete electronic monitoring and probation. The plan also identified other tasks to be completed. The document stated that possible consequences of the plan were that the DFS worker would request either a dismissal of the court case or further court action.

On June 10, 1998, the DFS worker wrote to the assistant district attorney, enclosing a copy of the case plan and confirming that the court date had been cancelled as the child, her mother, and the social worker wanted to pursue the case plan "in an attempt to avoid District Court action." The letter was filed in the CHINS case with a copy being sent to the presiding judge.

The social summary was filed on September 11, 1998. The DFS social worker recommended that electronic monitoring be discontinued. At the arraignment on October 29, 1998, the child admitted the allegations in the petition, and the Juvenile Court discontinued the electronic monitoring.

On November 3, 1999, the Juvenile Court found that the electronic monitoring services provided to the minor from June 8, 1998, through October 29, 1998, were reasonable and in the best interests of the minor. The court ordered DFS to pay for those services.

### STANDARD OF REVIEW

The resolution of this appeal involves a question of law requiring statutory interpretation. Conclusions of law are reviewed de novo. *City Council of Laramie v. Kreiling*, 911 P.2d 1037, 1044 (Wyo.1996); *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531, 538 (Wyo.1993).

### DISCUSSION

DFS argues that there is no authority under which a juvenile court can order it to pay for services such as electronic monitor-ing. Wyo.Stat.Ann. § 14–6–403(a) (LEXIS 1999) provides in part:

(a) Coincident with proceedings concerning a minor alleged to be in need of supervision, the court has jurisdiction to:

. . .

(ii) Order any party to the proceedings to perform any acts, duties and responsibilities the court deems necessary; . . .

Wyo.Stat.Ann. § 14–6–402(a)(xv) (LEXIS 1999) defines "parties" to include "the child, his parents, guardian or custodian, the state of Wyoming and any other person made a party by an order to appear, or named by the juvenile court."

DFS argues that these statutes do not apply to it. It states that its duties in CHINS cases are explicitly defined by a number of other statutes and it cannot be required to do anything else. We are not persuaded that these other statutes were meant to be an exclusive statement of DFS's role. The purpose of the law is to promote the best interests of the children. DFS and the juvenile court must work together to that end. To accomplish this task, it is necessary for both the agency and the court to have somewhat more flexibility than DFS would concede.

It is not reasonable to expect the legislature to foresee every method that might be employed to assist a juvenile. For example, there is nothing in the statutes to authorize a DFS social worker to enter into a CHINS case plan with the mother and child and cancel a court hearing, as happened in this instance. Yet, it appears that everyone concerned accepted this diversionary program as being a reasonable effort to promote the child's best interests.

DFS cites Wyo.Stat.Ann. § 14–6–434(b) (LEXIS 1999) for the proposition that the expenses at issue in this case are the county government's responsibility. The statute covers expenses for witnesses, jurors, service of process, mental and physical examinations, appointed counsel, the *guardian ad litem*, and other costs which would be assessed as costs in the district court. DFS does not

explain how electronic monitoring services would be included in any of these categories.

## CONCLUSION

We conclude that, under the circumstances of this case, the Juvenile Court had authority under § 14–6–403(a)(ii) to order DFS to pay for the electronic monitoring. Therefore, we affirm the order to that effect.

DAN SPANGLER, D.J. (Ret.), delivered the opinion of the Court; GOLDEN, J., filed a dissenting opinion.

GOLDEN, Justice, dissenting.

I respectfully dissent. DFS should only be responsible for payment of electronic monitoring services when ordered by a juvenile court or required by the CHINS statutory framework. In this case, well before the juvenile court acquired jurisdiction over NG pursuant to CHINS, the municipal court had jurisdiction and ordered the electronic monitoring device. At that time only the district attorney and the minor through her parent were parties to this arrangement, and when an order results from this type of arrangement, payment for the device is through the municipal court. Although it has the inherent authority to do so when necessary, after it acquired jurisdiction, the juvenile court took no action indicating the monitoring services were required, and did not order electronic monitoring services nor approve the services as part of a consent decree. When the juvenile court does not issue such an order, and the services are provided by the order of a municipal court, the county is required to pay for the services, not DFS. We should not require DFS pay for juvenile services that have not resulted from a juvenile court order, and I, therefore, respectfully dissent.